IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief District Judge Marcia S. Krieger

Civil Action No. 18-cv-02023-MSK-NYW

BLAINE HARRINGTON, III,

    Plaintiff,

v.

AEROGELIC BALLOONING, LLC; and
SHANE CORY,

    Defendants.

_____

**OPINION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT**
_____

    **THIS MATTER** comes before the Court pursuant to the Defendants' Motion for Summary Judgment **(# 22)**, Mr. Harrington's response **(# 23)**, and the Defendants' reply **(# 24)**.

    The pertinent facts of this case are not materially disputed. Mr. Harrington is a commercial photographer and holds a registered copyright in an image of hot air balloons over an urban scene at sunset ("the Image"). That image is published on Mr. Harrington's website, and perhaps in other locations on the internet, with or without Mr. Harrington's permission.

    Defendant Aerogelic Ballooning, LLC ("Aero"), and its principal, Mr. Cory, operate a hot air balloon service in Arizona. In 2016, Mr. Cory found the Image on a website, downloaded it, and provided it to a company called YEXT that Mr. Cory used to promote Aero's business. Mr. Cory and/or YEXT proceeded to publish the photo in various locations, without Mr. Harrington's permission. When Mr. Harrington discovered the Image being used by Mr. Cory and Aero without his permission, he commenced this action asserting a single claim for copyright infringement under 17 U.S.C. § 504.

1

Mr. Cory and Aero now move **(# 22)** for summary judgment on Mr. Harrington's claim. They argue, variously, that: (i) Mr. Cory could not have willfully infringed Mr. Harrington's copyright because Mr. Cory has taken many similar photos from his own balloon; (ii) that the Image is "available for free to anyone else"; (iii) that the commercial value of "very similar photos" is only $499, less than the minimum statutory damages that Mr. Harrington seeks under the Copyright Act; and (iv) that Mr. Harrington somehow "set up" the Defendants by "plant[ing] unlabled registered copyright works of art all over the internet," only to then demand large damages from any user who made an "innocent download" of the copyrighted works.

The Court need not extensively analyze the parties' briefing because the few pertinent facts are undisputed. To establish a claim of copyright infringement, Mr. Harrington must demonstrate that: (i) he is the owner of an original, copyrighted work; and (ii) the Defendants reproduced the original components of that work without Mr. Harrington's permission. *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1138 (10th Cir. 2016). In the Scheduling Order **(# 20)** entered in this case, the Defendants conceded that: (i) "Plaintiff is the author and copyright holder of [the Image]," (see Section 4, ¶ 1), and that the Defendants "admit to a one-time innocent infringement," (see Section 3, ¶ b). Thus, far from granting summary judgment to the Defendants, the Court is inclined to enter summary judgment in favor of Mr. Harrington on his claim of copyright infringement, reserving for further determination only the appropriate amount of statutory damages to be imposed. *See* Fed. R. Civ. P. 56(f)(1).

Before doing so, however, the Court will briefly address of the Defendants' arguments. The contention that photographs "similar" to the Image exist is irrelevant: the Defendants admittedly chose to publish <u>Mr. Harrington's</u> Image, not a similar image belonging to themselves or others. Although an extensive analysis is required when the allegedly infringing

image is <u>similar</u> to the copyrighted image, no such analysis is necessary when the infringing image is <u>identical</u> to the copyrighted one; identical copying of a copyrighted image will always support a claim for infringement. *See e.g. Ets-Hoskin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003) (even images with minimal original content are protected against "virtual[ly] identi[cal]" copying). Because the Defendants reproduced Mr. Harrington's Image identically, the existence of similar images is irrelevant to the question of infringement liability.

The Defendants' contention that the Image is available for "free" in other places is a curious one. To the extent that the Defendants are contending that Mr. Harrington has offered the particular Image to the public to use freely, they submit no evidence demonstrating this fact (and indeed, the proposition is a dubious one given Mr. Harrington's position in this litigation). Rather, it appears the Defendants are making the more generalized argument that "because the Image can be found on the internet, it can be used freely by anyone." The courts long ago rejected the notion that the arrival of the internet somehow altered the copyright landscape and indeed, the Court is somewhat surprised that a licensed attorney would urge such an argument in federal court. In their reply, the Defendants return to the idea that "countless similar photographs are available for free," but again, this argument is focused on <u>similar</u> photographs and offers no justification to assume that the Defendants had some right to use <u>Mr. Harrington's</u> Image without compensating him.

The Defendants' argument that Mr. Harrington somehow "set them up" to commit infringement is similarly frivolous. Putting aside that the Defendants offer literally no evidence to suggest that Mr. Harrington posted the Image with the intent of inducing others to infringe it, Mr. Harrington's own intentions are utterly irrelevant to the question of whether the Defendants infringed the copyright. As set forth above, the elements of copyright infringement do not

3

contain an element that inquires into the state of mind of the copyright holder. If anything, the Defendants' argument appears to be an odious form of victim-blaming by the perpetrator.

That leaves the Defendants' final package of arguments: that their infringement was unknowing, that the commercial value of the Image is less than the minimum statutory damages under the Copyright Act, and that Mr. Harrington has requested considerably more than the minimum statutory damages to settle the case. The Copyright Act permits a copyright holder to recover either the actual damages caused by the infringer or statutory damages of $750 to $30,000 per infringed work. 17 U.S.C. § 504(a), (c)(1). If the copyright holder shows that the infringement was willful, the court may, in its discretion, increase the upper boundary of the statutory damages to $150,000; conversely, if the infringer shows that it acted unwittingly, the minimum statutory damages could be reduced to only $200. 17 U.S.C. § 504(c)(2). The question of the appropriate amount of statutory damages to award involves consideration of a wide array of factors by the Court, from the degree of willfulness or inadvertence by the infringer to the deterrent purposes of the Copyright Act and the typical license fees charged for the use of the work. *See e.g. Girlsongs v. 609 Industries, Inc.*, 625 F.Supp.2d 1127, 1130-31 (D. Colo. 2008). As such, it would not be appropriate for this Court to entertain the question of statutory damages without, at the very least, a significant evidentiary presentation by the parties. Thus, the Court need not entertain the Defendants' arguments regarding inadvertence or statutory damages at this time.

Accordingly, the Court **DENIES** the Defendants' Motion for Summary Judgment **(# 22)**. Pursuant to Fed. R. Civ. P. 56(f)(1), the Defendants may, within 14 days of this Order, show cause why the Court should not grant summary judgment to Mr. Harrington on the question of

liability on his claim of copyright infringement, leaving only the question of the appropriate amount of statutory damages to be addressed in a future evidentiary hearing.

Dated this 29th day of November, 2018

**BY THE COURT:**

_/s/ Marcia S. Krieger_

Marcia S. Krieger
Chief United States District Judge